UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Lionel Velez
Vanessa Guadalupe

**On behalf of themselves and
all others similarly situated**

    **Plaintiffs**

v.                                                 Case No. _____

**Primeflight Aviation Services, Inc.**

    **Defendants.**

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former supervisors, leadmen, and members of aircraft cleaning crews employed by the Defendant Primeflight Aviation Services, Inc., ("Primeflight"), to seek redress for Primeflight's failure to pay to them compensation required by the FLSA and Wisconsin law.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

1

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

4. This Court has personal jurisdiction over the Defendant because it engages in substantial business activities at General Mitchell International Airport, which is located within this District.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein, in particular those events that pertain to the Named Plaintiffs, occurred in this district.

## THE PARTIES

6. Named Plaintiff Lionel Velez is an adult resident of the State of Wisconsin who worked for Primeflight first as a member of, and then as an hourly paid supervisor of one of its aircraft cleaning crews for Southwest Airlines at Michell Airport in Milwaukee, Wisconsin. Velez seeks to represent in this action, through collective and class actions, all supervisors, leadmen, and members of Primeflight's aircraft cleaning crews throughout the United States who were subject to the same or similar hours shaving practices. A copy of the FLSA consent signed by Velez is filed with the Court simultaneously with this Complaint.

7. Named Plaintiff Vanessa Gudalupe is an adult resident of the State of Wisconsin who worked for Primeflight as a member of one of its aircraft cleaning crews for Southwest Airlines at Michell Airport in Milwaukee, Wisconsin. Guadalupe seeks to represent in this action, through collective and class actions, all supervisors, leadmen, and members of Primeflight's aircraft cleaning crews throughout the United States who were subject to the same or similar hours

2

shaving practices. A copy of the FLSA consent signed by Guadelupe is filed with the Court simultaneously with this Complaint.

8. Defendant Primeflight is corporation with a principal place of business located in Nashville, Tennessee. Primeflight performs aircraft support services, including aircraft cleaning services, at more than 40 airports throughout the United States, including Michell Airport in Milwaukee, Wisconsin. Primeflight is registered with the Wisconsin Department of Financial Institutions as a Foreign Business Corporation.

9. Primeflight by virtue of its operations within Wisconsin is an employer within the meaning of Wis. Stat. §109.03(1). Primeflight is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, and by providing support services to aircraft that fly across state lines. At all relevant times, Primeflight has had annual gross volume of business at or above $500,000.

## FACTS

10. Both when the Plaintiffs worked as a member of, and as a supervisor of a Primeflight aircraft cleaning crew, they would receive text messages from Primeflight's General Manager for its Mitchell Airport operation to inform them when to arrive for work. When Velez served as the supervisor he would arrive to work half a hour before other crew members.

11. Plaintiffs, just like the other members of the aircraft cleaning crews, would begin performing work at their assigned start times, if not earlier on days when they arrived to their work stations before their assigned start times.

12. Once arrived at work, the aircraft crew would continue to perform work until all of the aircraft that they had been assigned to had been cleaned, so that they would leave work immediately after all of the assigned aircraft had been cleaned.

13. While the crew would leave for home as soon as all assigned aircraft was cleaned for the day, when Velez worked as the supervisor he would be required to stay longer in order to complete required paperwork for the day, and in order to be present when airline representatives inspected the cleaned aircraft to make sure that the results of the aircraft cleaning work met the airline's requirements.

14. While Primeflight automatically deducted 30 minutes from the work time of all aircraft cleaners for lunch, the aircraft cleaners sometimes were too busy to take a lunch break of sufficient duration to permit the eating of a meal during their shifts; while other times Primeflight would require aircraft cleaners to take their meal breaks while they were engaged to wait for the arrival of aircraft that they were assigned to clean during the shift, so that they were working during their meal breaks.

15. Primeflight provided its aircraft cleaning employees with no way to either cancel lunch breaks that they did not take, nor anyway to record that they did not take a meal break on a day. Primeflight also provided its aircraft cleaning employees no way to record that they took a meal break while engaged to wait for more work, so that they were actually working during their meal breaks.

16. Primeflight employees took their lunch breaks at a time designated by the supervisor, rather than because its relevant business activities would cease at a particular time.

4

Primeflight nonetheless failed to maintain any records of when the Plaintiffs' meal breaks began and ended each day.

17. Primeflight also provided its employees no way to keep track of whether they took lunch each day at a time when there was more work available to be completed, or when they were engaged to wait for work to become available for them to perform.

18. Check stubs that Primeflight provided to its aircraft employees recorded the time when they punched in for each work day, the time when they punched out for each work day, and the total number of hours for which they were paid on each work day.

19. The total number of hours for which the aircraft employees were paid were often less than the difference between their punch-in and punch-out times for the day, even after a deduction for a 30 minutes meal break.

20. Primeflight at all times maintained a policy of not paying overtime pay to its employees unless said overtime pay was approved by a supervisor.

21. Upon information and belief Primeflight would enforce its anti-overtime policy by reducing its employees' hours worked so that they would not be paid for more than 40 hours per week, even though their recorded start and end times showed they worked more than 40 hours per week even after taking into account the automatic meal time deductions.

22. Velez, Guadalupe, and other members of the aircraft cleaning crews would be paid no more than 40 hours per week during workweeks when they worked more than 40 hours, after deducting bona fide meal breaks during which they were not engaged to wait for the arrival of aircraft for cleaning, and took breaks of sufficient durations to permit the eating of a meal.

23. Velez, Guadalupe, and other members of the aircraft cleaning crews always

5

received straight time pay after the reductions to their hours made by Primeflight, so that they did not receive straight time pay for each and every hour worked for Primeflight.

24. To date, Velez has not received any compensation from Primeflight for his hours worked during the final Monday to Sunday workweek that he worked for Primeflight, while Guadelupe has not received any compensation from Primeflight for her hours worked during the final two Monday to Sunday workweeks that she worked for Primeflight.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiffs bring their First Claim for Relief, pursuant to the Fair Labor Standards Act, on their own behalf and on behalf of all other similarly situated supervisors, leadmen, and members of Primeflight aircraft cleaner crews throughout the United States who were not paid the correct amount of overtime pay because of Primeflight's uniform policies of (1) reducing its employees' hours worked because it would not pay overtime pay to its employees without prior supervisory approval; and (2) deducting a meal break of 30 minutes from its employees' hours worked even on days when they did not take a lunch break for which they were completely relieved from duty for a long enough period for the eating of a meal; or on days when they were engaged in wait for work to become available during their meal breaks.

26. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Velez and have claims similar to their first claim for relief.

27. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid supervisors, leadmen, or members

6

of Primeflight aircraft cleaning crews, and had their hours worked reduced pursuant to Primeflight's uniform policies of cutting its employees' work hours to avoid paying them overtime pay; and of automatically deducting 30 minutes for its employees' lunch breaks regardless of whether those meal break times were compensable under the law.

## CLASS ALLEGATIONS

28. Velez seeks to represent a class of all employees of Primeflight who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly paid members, leadmen, and supervisors of Primeflight's aircraft cleaning crews, who worked for Primeflight in Wisconsin on or after July 22, 2017.

29. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, given frequent turnover Primeflight has employed more than 40 hourly paid aircraft cleaners, leadmen, and supervisors at Mitchell Airport alone during the time period on or after July 22, 2017.

30. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a). Whether Primeflight did maintain a uniform policy of cutting its employees' work hours to ensure that they did not work more than 40 hours per week;

(b). The frequency with which Primeflight deducted meal breaks from its employees' hours worked on days when they either did not take an uninterrupted meal break, or were working during their meal break because they were engaged to wait for the arrival of more work that they had to complete during their shifts;

(c). Whether the frequency with which the Plaintiffs had meal breaks compensation under Wisconsin law can be determined as a matter of just and fair inference because of Primeflight's failure to maintain records required by law;

(c). Whether the employees' punch in and punch-out times can be relied upon to compute their hours worked each day, after deducting uninterrupted meal breaks of 30 minutes or longer that were taken;

(d). How to compute straight time and overtime damages for the employees' hours worked that were neither paid, nor counted as hours worked when computing eligibility for overtime pay.

31. Velez's claims are typical of those of the Rule 23 class in that they all had their hours cut both pursuant to Primeflight's uniform policy of cutting work hours to avoid paying overtime pay to its employees; and pursuant to Primeflight's uniform policy of automatically deducting 30 minutes from its employees' work hours for lunch without giving employees a way to cancel said deductions.

32. Named Plaintiffs will fairly and adequately protect the interests of the Rule 23 class; and have retained counsel experienced in complex wage and hour litigation.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

**Count I.     Overtime Pay Claim Under the Fair Labor Standards Act.**

34. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 33 of the Complaint.

8

35. All hours between when the Plaintiffs punched in and punched out for the day, other than uninterrupted meal breaks that Primeflight can demonstrate the Plaintiffs took while they were not waiting for more work to arrive, which were of sufficient duration to permit the Plaintiffs to eat a meal, must count as hours worked towards overtime pay.

36. Primeflight violated the FLSA by enforcing its uniform policy of not permitting overtime pay without prior authorization, resulting in it cutting the Plaintiffs' recorded work hours so that they were not paid for more than 40 hours per week during workweeks when they worked more than 40 hours.

37. As a result, Primeflight failed to pay overtime premium pay to the Plaintiffs for their hours worked over 40 per week.

38. Primeflight additionally violated the minimum wage provisions of the FLSA by failing to pay the Plaintiffs any compensation for their final week(s) worked for Primeflight.

39. In addition to all minimum wages and overtime pay that they should have but did not receive, the Plaintiffs are also entitled to recover liquidated damages on all minimum wages and overtime pay they should have received.

40. Since Primeflight did not have any, let alone reasonable grounds for believing that it could either reduce its employees' work hours to avoid paying overtime pay to them, or automatically deducting its employees' meal breaks without giving them a means to cancel meal breaks that they did not take, the Plaintiffs are also entitled to application of the three years statute of limitations for Primeflight's willful violations of the FLSA.

41. The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against Primeflight.

9

### Count II. Claim for Straight Time and Overtime Pay Under Wisconsin Law.

42. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 41 of the Complaint.

43. Plaintiffs were entitled to be paid for more meal breaks under Wisconsin law than under the FLSA, because under Wisconsin law all bona fide meal breaks of less than 30 minutes in duration must both be paid and must be counted as hours worked when computing the employees' eligibility for overtime pay.

44. Primeflight under-counted its employees' hours worked under Wisconsin law by deducting work hours to avoid paying overtime pay to the Plaintiffs, by automatically deducting 30 minute meal breaks even though the Plaintiffs did not take uninterrupted 30 minute meal breaks; and by deducitng 30 minute meal breaks even though the Plaintiffs were engaged to wait for the arrival of more work during said meal breaks.

45. Because Wis. Stat. §103.02 and DWD §272.12(1)(a) requires the payment of full wages, in contrast to the guarantee of the minimum wage only under the FLSA, the Plaintiffs are entitled to straight time damages equal to their regular hourly rate multiplied by all hours that they worked but that Primeflight failed to either compensate or to count as hours worked.

46. Plaintiffs are also entitled to overtime premium pay for all of their hours worked over 40 each week.

47. Primeflight additionally violated Wis. Stat. §109.03(2) by failing to compensate Plaintiffs in full for their final weeks worked for Primeflight at the same time that hours worked by other employees during the same weeks were compensated.

48. Pursuant to Wis. Stat. §109.03(5), the Plaintiffs are entitled to maintain a lawsuit against Primeflight for all straight time and overtime wages that they are entitled to but did not receive pursuant to Wis. Stat. §109.03 and DWD Chapter 274. In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. §109.11(2)(b) on all straight time and overtime wages that remain unpaid at the time of the filing of this lawsuit, along with their reasonable attorneys' fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Primeflight is liable to the plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that Primeflight is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages on all wages that remain unpaid at the time of the filing of this lawsuit, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 24th day of July, 2019.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Wis. Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203

11

Telephone: 414-271-4500
Fax: 414-271-6308

## Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, Vanessa Guadalupe [~~Lionel Velez~~], hereby consents to participate in the lawsuit against Prime Flight Aviation Services, Inc. ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: July 23, 2019

Signed: *Vanessa Guadalupe*

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Lionel Velez, hereby consents to participate in the lawsuit against Prime Flight Aviation Services, Inc. ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 7-15-19

Signed: *[signature]*